

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00075-CR

MIGUEL ANGEL SOTO, A/K/A MIGUEL SOTO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1299757D

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

# MEMORANDUM OPINION

Miguel Angel Soto, a/k/a Miguel Soto, was convicted of possession of between 4 and 200 grams of methamphetamine and sentenced to twenty-five years' imprisonment. His appeal asserts that the evidence is legally insufficient to support the judgment and that the trial court erred in admitting his confession. We are not persuaded by either argument and affirm the judgment of the trial court.

## I. Facts

The police were looking for Soto due to an outstanding warrant. They received a tip naming and describing him and his vehicle. The tip explained where he could be found—room 106 of a local motel. Officer Michael Sones was nearby and went to the motel, saw the described vehicle in front of room 106, and talked to a woman leaning on the car. She told him Soto was in the room. Sones called for assistance; the officers approached the room and found the door open, which allowed them to observe a man asleep on the bed. Sones saw a "meth pipe" on the nightstand. The officers entered the room, awoke the sleeping man, and noticed a bulge in his sock. When asked what was in the sock, Soto answered, "[I]t's meth." Scientific analysis verified that the substance weighed 18.069 grams and contained methamphetamine.

## II. Legal Sufficiency of the Evidence

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v.*

2

*State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. To prove unlawful possession of a controlled substance as alleged in this case, the State must prove that the accused intentionally or knowingly possessed methamphetamine in an amount between 4 and 200 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2010). This evidence, whether direct or circumstantial, must establish to the requisite level of confidence that the accused's connection with the drug was more than just fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2013) ("'Possession' means actual care, custody, control, or management.").

Soto does not allege that any specific part of the proof is insufficient. His argument sets out the legal requirements necessary to show that the evidence is legally sufficient, but fails to suggest any evidence deficiency. Soto was found in a hotel room with a pipe that had been used

3

to smoke methamphetamine, and he identified the substance in his sock as methamphetamine; the substance tested positive for methamphetamine and weighed between 4 and 200 grams. In addition, Soto confessed in writing that he possessed the methamphetamine. The evidence is sufficient to support the verdict. The contention of error is overruled.

## III.    Admission of Confession

Soto next argues that his confession was erroneously admitted. After being advised of his *Miranda*[1] rights, Soto made a succinct written statement. He stated, "All the weed and meth are mine in Regency Hotel Number 106 and any items related to so." He contends he would not have given a statement if he had known that he could terminate the interview. Further, Soto argues his confession was involuntary. This argument is based on evidence that a police officer allowed Soto to use his cell phone as a reward for Soto's good behavior in the police car.

Initially, it appears that this complaint was not preserved for appellate review. Counsel objected to admission of the statement, but on cross-examination, he asked the officer to read it to the jury. In order to preserve error regarding the admission of evidence, an appellant must make a timely objection to each instance in which the objectionable testimony is elicited. *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991); *Thierry v. State*, 288 S.W.3d 80, 88 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Any error in the admission of evidence is cured where the same evidence comes in elsewhere without objection. *Ethington*, 819 S.W.2d at 858. Thus, where there is an objection to the first question on a particular subject, but no objection to subsequent questions on the same subject, no error is preserved regarding the

---

[1] *Miranda v. Arizona*, 304 U.S. 436 (1966).

4

admission of testimony on that subject. *Id*. at 859–60; *see also Salazar v. State*, 131 S.W.3d 210, 214–15 (Tex. App.—Fort Worth 2004, pet. ref'd).

Even if the issue is preserved, no explanation is presented as to how the police officers induced Soto to believe he did not have the right to terminate the interview. He was fully advised of his right to terminate the interview, and no evidence was presented that he desired to terminate it. There is no evidence that the officers deluded him or that any promise was given to induce him to confess. There is no evidence that Soto's statement was involuntary. We find no error.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:     November 12, 2013
Date Decided:       November 14, 2013

Do Not Publish